# CHARLESTON.

SARAH LONG, ADMX. *v.* BABCOCK LUMBER & BOOM CO.

Submitted January 22, 1924.    Decided February 5, 1924.

MASTER AND SERVANT—*Declaration for Death of Employee Not Furnished Medical Aid Held Not Demurrable.*

> Where a lumber company engaged in the manufacture of lumber and by-products thereof, employs a large number of employees, from the wages of each of whom it withholds one dollar and fifty cents per month, in consideration of which it agrees to furnish medical attention and care and hospital service to its employees; this contract implies that in case one of its employees from whom it has withheld said amount, is taken violently and helplessly ill with ptomaine poisoning while at work in the woods for said company, that said company shall procure for said employee medical aid and care,

and convey him to a hospital within a reasonable time from the time the knowledge of said illness is brought home to the company; and a declaration which alleges that the defendant negligently, carelessly and maliciously permitted said employee to remain in a caboose of one of its trains for nine hours from the time he was so taken ill, and refused to secure medical treatment for said employee, or to convey him to the hospital and that by reason of said negligence he died from the effects of such poison, is good on demurrer.

Case Certified from Circuit Court, Tucker County.

Action by Sarah Long, administratrix, against the Babcock Lumber & Boom Company. A demurrer to the declaration was overruled, and questions certified.

*Affirmed.*

*D. E. Cuppett,* for plaintiff.

*R. D. Heironimus,* and *Spears & Irons,* for defendant.

McGINNIS, JUDGE.

This is an action of damages brought by the administratrix of the estate of Shrader Wilfong, who died from ptomaine poisoning with which he was stricken while in the employment of the defendant as laborer in the woods near Davis, West Virginia. The trial court overruled defendant's demurrer to the declaration and has certified to us the question arising on its ruling thereon.

The declaration alleges that the defendant was engaged in the business of manufacturing lumber and by-products thereof at the town of Davis, at which place was located its manufacturing plant, office and headquarters; that in connection with the operation of its saw mills, the defendant owned and operated certain railroads and log roads used in carrying its employees to and from work and to and from its woods camps, and in hauling logs from its forests to its mills to be manufactured into lumber at Davis, West Virginia; that the defendant had working for it, and employed by it a large number of employees; that on the ——day of December, 1922, plaintiff's decedent, Shrader Wilfong, was employed as a laborer in its woods at a distance of —— miles from Davis;

that there was a railroad of defendant company running from the said town of Davis to the place where said Wilfong was employed and working, over which said defendant ran daily trains.

That said defendant company, at the time aforesaid, had an oral contract with its employees, including Shrader Wilfong, whereby and in consideration of which, said defendant collected and deducted from the pay of said Wilfong, as well as its other employees, the sum of $1.50 per month, and in consideration of which the defendant undertook and agreed to furnish said Wilfong medical attention and care, and hospital service while in the employ of said company; that such contract was in existence on the —— day of December, 1922; that under and by virtue of the provisions of said contract, it became and was the duty of said defendant to furnish said Wilfong, when sick or injured, promptly and without unnecessary delay, reasonably skilful medical care and attention and hospital service, and to secure the same for him as soon as possible after sickness or injury.

That said Shrader Wilfong, while in the hire and employ of said defendant, and while actually at work for it, and while said contract for such service was in force and effect, on the 28th day of December, 1922, about 9 A. M., was taken suddenly and violently ill, and pitched forward on the ground, and was unable to rise or take care of himself; that said sickness was ptomaine poisoning; that the only attention or care given him was that he was taken to a caboose attached to an engine of said defendant near where Wilfong was taken ill; that Wilfong continued to grow worse and was unable to help himself or move from where he was taken; that defendant, though requested to do so by said Wilfong and other employees of defendant, through and by its superintendent and superior of said Wilfong, refused to permit said Wilfong to be taken to Davis to the hospital where its employees were treated, or to send for a doctor for him; that said Wilfong was negligently and carelessly and maliciously left there until 6 P. M. of said day without any medical attention. That during all of this time the poison and toxin from said illness so permeated his system that when he was finally taken to the hospital at Davis his condition was such that medi-

cal aid was| of no avail or use, and that by reason of the failure and refusal of and negligence of said defendant to promptly furnish said Wilfong with proper medical attention and care, at the proper time, said Shrader Wilfong, from said neglect, died the next day.

Wherefore and by reason of the said neglect and breach of the duty¹ imposed on said defendant by reason of the contract aforesaid, a right of action hath accrued unto said plaintiff, as administratrix of said Shrader Wilfong, deceased, and to the damage of said plaintiff in the sum of $10,000.00.

This declaration sets up a specific oral contract by which the defendant agreed, for a consideration withheld from the wages of the deceased, to furnish him "medical attention and care and hospital service while in the employ of said company in case of sickness and injury," and it is the negligent and wilful violation of this contract, resulting in the death of Wilfong, for which plaintiff sues.

This contract was made independently of any right the plaintiff might have had under the workmen's compensation Act, and whether or not this is a compensable injury makes no difference. This contract was binding whether the employee was injured by accident connected with his duties as the servant of the defendant or not, so long as this contract continued the employee was entitled to this "medical attention and care and hospital service in case of accident or injury", whether he was injured while engaged in the service for which he was employed or was stricken with illness while not so engaged, and the contract contemplated that it should be carried out upon the part of the defendant in a reasonably safe and skilful manner and within a reasonable time. This man was ill in the forest, taken suddenly, violently and helplessly ill, at a distant point from the hospital and was unable to get to the hospital by his own efforts. Can the defendant say upon the demurrer to this declaration, with any force, that while it had a contract with the deceased to give him hospital service, the contract did not contemplate that the defendant should convey him to the hospital, although the employee is stricken in the woods while at work for the defendant? We think not.

This defendant was engaged in manufacturing lumber, etc.,

and had in its employment a large number of employees, and operated railroads and log roads—a business attended with much danger to its employees, hence this salutary contract by which the workman is assured that he will receive the attention therein contemplated, and the defendant is compensated therefor by withholding from the employee's wages $1.50 per month.   We think the contract contemplates that the defendant should convey Wilfong to the hospital and procure for him the service of a physician within a reasonable time from the time knowledge was brought home to the defendant of Wilfong's serious illness, and the superintendent, when he was so informed, should have taken immediate steps to carry out the provisions of the contract as herein construed.   What was a reasonable time in which the defendant was required under the contract to perform these services we do not decide, as that will be a question of fact upon which the jury must pass upon the trial, after taking into consideration the surrounding facts and circumstances.

> "A lumber company that withholds a hospital fee from the wages of employees, for maintaining a hospital, is under an implied obligation to furnish free transportation to an employee, injured and prostrate in the woods, where it had a logging road with engines and equipment at hand for conveying him to the hospital; and is liable for injuries resulting from unreasonable delay in so doing." *Harding* v. *Ostrander Railway and Timber Co.*, 64 Wash. 224.

In discussing the liability of employers where deductions from wages were made to cover medical expenses, Labatt's Master and Servant, Vol. 5, sec. 2000, says:

> "Under arrangements of this character the employer may be held liable for damages which proximately result from his failure to furnish such attendance as is contemplated."

Judge Miller, in delivering the opinion of this court in the case of *Ashby* v. *Davis Coal and Coke Company*, decided at the present term of this court, in discussing a contract similar to the contract set up in this declaration, says:

"This arrangement between the parties amounted to an implied contract, at least, by which defendant agreed to furnish plaintiff medical attention in return for the fee paid it, and this contract was made independently of plaintiff's rights under the Workmen's Compensation Act. The legislature evidently recognizes the right to make such contracts by section 27 of the compensation law."

Under the compensation law, Wilfong, by reason of his contract with the defendant, would not be entitled to have his medical, surgical or hospital fees paid from the Workman's compensation fund, even though his illness was treated as compensable. Section 27, Workmen's Compensation Law, chap. 15P, Barnes' Code.

For the reasons given above, we think the lower court did not err in overruling the defendant's demurrer to the plaintiff's declaration, and it will be so certified to the lower court.

*Affirmed.*